UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

**Case Number**

WILLIAM S. MCGONAGLE,
         Plaintiff,

v.

THE MASSACHUSETTS BAY TRANSPORTATION
TRANSPORTATION AUTHORITY (MBTA)
        Defendant,

09 CA 12075 DPW

**COMPLAINT AND
REQUEST FOR JURY
TRIAL**

## Parties and Jurisdiction

MAGISTRATE JUDGE _____

1.  The Plaintiff, William S. McGonagle, is a resident of Canton, Massachusetts.

2.  The Defendant, MBTA, is a body politic and corporate with a principal place of business at 10 Park Plaza, Boston, Massachusetts.

3.  Jurisdiction pursuant to United States Code Title 29 §141

## Background

4.  From July 16, 1990, to December 5, 2006, the Plaintiff was employed by the Defendant MBTA in a variety of positions.

5.  At the timer of his discharge, Plaintiff was employed as Assistant Superintendent/Nighttime and Weekend Supervisor.

6.  On December 5, 2006, Plaintiff was discharged from employment by the Defendant for the following alleged reasons; "Various acts of dishonesty/Submission of false reports".

7.  Subsequently, Defendant MBTA alleged that the Plaintiff also violated two other general rules of the MBTA: (1) employees are required to report and remain on duty as directed and (2) employees cannot leave their assigned work location.

8.  The Defendant MBTA has alleged that the above-cited grounds for Plaintiff's termination were based upon his violation of these general rules of the MBTA.

9.  The Defendant MBTA further alleges that these rules were in writing and applied to all employees of the MBTA.

## Count I

10.    Plaintiff was not an "at will" employee of the MBTA.

11.    Plaintiff's termination was not for just cause for the following reasons:
       a. Plaintiff did not violate the rules as alleged by the MBTA.
       b. The rules were not uniformly applied.
       c. The rules as applied to him were unreasonable.

## Prayers for Relief

**WHERFORE,** Plaintiff prays as follows:

I.    That the Court reinstate Plaintiff's employment at the MBTA pending trial on the merits of Plaintiff's Complaint with reimbursement for loss of compensation.

II.    That after Trial, the Defendant MBTA be ordered to reinstate the Plaintiff.

III.    That the Plaintiff be awarded such damages as allowed by law.

IV.    For such other and further relief that is right and just.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Wade M. Welch
BBO# 522160
Welch & Donohoe, LLP
655 Summer Street, Suite 203
Boston, MA 02210
(617)428-0222

Dated: 12/4/09